F. HUESKE, ADM'R, ETC., v. C. E. BROUSSARD & Co.

(Case No. 2768.)

1. CONTRACT — GUARANTY — PRESUMPTION.— In a suit against one not a party to a promissory note, which bore eight per cent. interest, but who signed the following indorsement thereon: " Accepted, payable ninety days from January 13, 1870, with interest at ten per cent. per annum," the petition alleged that the plaintiff, relying on the acceptance and assumption of payment, released the original maker. A general demurrer and special exception, the latter based on the fact that the suit was not brought at the first term of the court, as required by statute in suits against an indorser or guarantor, were overruled.   On appeal by defendant, against whom final judgment was rendered, there being no statement of facts or bill of exceptions, *held*,

(1) Whether the contract, evidenced by the indorsement, was collateral or original, was a question of fact for the jury.

(2) The true meaning of the indorsement being, from the language used, doubtful, the time of payment being changed and the rate of interest increased, parol evidence would have been admissible to explain whether the intention of the parties was to create an original contract or a guaranty of payment.

(3) A liberal interpretation is to be given to commercial contracts.

(4) It will be presumed, as against a defendant appealing, with neither a statement of facts nor bill of exceptions, that evidence was introduced to show that the indorsement was not intended as a guaranty, but an original and absolute contract to pay.

APPEAL from Washington.   Tried below before the Hon. I.B. McFarland.

Suit by appellee against John Shackey and C. Hueske. The allegations of the petition in this case are, in substance, that Wilman & Co. were indebted to the plaintiffs on two promissory notes, copies of which are given; that on the 13th day of January, 1870, the defendants (who are alleged to be partners), for a valuable consideration, by their written indorsements by them subscribed by their firm name of John Shackey on each of said two notes, accepted and assumed the payment thereof, and promised plaintiffs that they would pay them the several sums of money in said notes mentioned, ninety days after said

13th day of January, 1870, with interest thereon from said date at ten per cent. per annum, which written indorsements are as follows:

"Accepted, payable ninety days from January 13, 1870, with interest from this date at ten per cent. per annum.   (Signed)             JOHN SHACKEY."

Similar allegations are also made as to two other notes set out in the petition, accepted and assumed by the defendants on the 11th day of February, 1870. That the plaintiffs, relying on and confiding in the said several promises of the defendants, did, on said January 13, 1870, and on said February 11, 1870, release said Wilman & Co. from all liability and indebtedness on account of said four promissory notes; and that said Wilman & Co. have never paid the same or any part thereof; that the defendants paid $111.50, April 5, 1870, and that the balance thereof was due and unpaid.

The defendants answered by a general demurrer and a general denial, and each filed separate defenses. Shackey excepted specially to the petition, because it appeared that suit was not brought to the first term of court, and C. Hueske pleaded *non est factum*, denying that he was a partner of his co-defendant.

The defendants' exceptions were overruled because the undertaking of the firm of John Shackey, as alleged in the petition, was an original one, and not that of indorser, surety or guaranty, and the statute cited by appellant was not applicable.

Verdict and judgment for the plaintiffs for $1,621.50. Motion for new trial overruled; defendant F. Hueske, administrator of the estate of C. Hueske, appealed, and assigns errors. There was no statement of facts or bill of exceptions.

*Shepard & Garrett* and *Sayles & Bassett*, for appellant.

I. The liability of the defendants is to be determined by their written indorsements upon the notes. The peti-

tion does not allege any agreement between plaintiffs and defendants to discharge Wilman·& Co. from their liability on the notes; nor would such testimony have been admissible even if there had been proper pleadings to vary the effect of the written indorsement. Rockmore *v.* Davenport, 14 Tex., 602; Reid *v.* Allen, 18 Tex., 241.

II. The undertaking of the defendants, as alleged in the pleadings, was to assume the payment of the notes upon which other parties were then bound, and remained bound; in other words, the defendants guaranteed the payment of certain notes of Wilman & Co.

" A guaranty, in its legal and commercial sense, is an undertaking by one person to be answerable for the payment of some debt or the due performance of some contract or duty by another person, who himself remains liable to pay or perform the same." Story on Promissory Notes, § 457. In Cook *v.* Southwick, 9 Tex., 615, it is held that when a person not the payee signs his name on the back of a promissory note, at the time of its inception, he becomes liable as guarantor or surety. Carr *v.* Rowland, 14 Tex., 275; Chandler *v.* Westfall, 30 Tex., 475; Harrison *v.* Sheirburn, 36 Tex., 73.

III. Suit could not be maintained against defendants as guarantors or sureties unless it has been or is simultaneously commenced against the principals, except under certain conditions, none of which are alleged in the petition. Pasch. Dig., art. 1426; Carr *v.* Rowland, 14 Tex., 275; Campbell *v.* Beckwith, 17 Tex., 439.

IV. But the petition further shows that the plaintiffs could not have maintained suit against the principals upon the notes; the plaintiffs alleging that they had released them from their liabilities thereon. Burke *v.* Cruger, 8 Tex., 66; Cruger *v.* Burke, 11 Tex., 694; Wybrants *v.* Lutch, 24 Tex., 309; Pilgrim *v.* Dykes, 24 Tex., 383; Story on Promissory Notes, § 408.

*Breedlove & Ewing,* for appellees.

WALKER, P. J. COM. APP.— There being no statement of facts in the record, it will be presumed that the judgment was warranted by the testimony; and all presumptions are in favor of the verdict. Neither is there a bill of exceptions; and the only question which may be revised on this appeal is, whether the plaintiffs' petition afforded a sufficient basis to support the judgment.

. If evidence might have been offered under the allegations of the petition, to warrant a judgment for the plaintiffs, it will, for the purposes of this appeal, be intended that it was adduced on the trial, and that the judgment would be sufficiently supported thereby.

The question, in effect, then is, whether the plaintiffs' petition set forth a cause of action. It is contended by the appellants that it did not, because the petition showed a liability on the part of defendants collateral to the notes of Wilman & Co.; a contract of guaranty by defendants for their payment, and that the obligation created by it was destroyed, according to the petition itself, by the release of Wilman & Co. by the plaintiffs.

It is not sufficient, in order to maintain the defendants' demurrer to the petition on the ground above stated, that the written promises of the defendants to pay the notes of Wilman & Co. were susceptible of a construction, when considered distinctly from any other evidence which may have explained the meaning and contracts of the parties, which would be consistent with mere guaranties for the payment of the several notes; for if, with other competent evidence, it was admissible to show that the undertakings of the defendant were original promises to pay the notes unqualifiedly, for a sufficient consideration, and not as guarantors to do so, in the event of the failure of the makers to do so, the cause of action would be complete and valid against them.

The petition alleged that the defendants accepted and assumed the payment of said notes in writing; and it set forth, as to two of the notes, the form of the written

promise, as follows: "Accepted, payable ninety days from January 13, 1870, with interest from this date at ten per cent. per annum." "Whether a contract is collateral or original may be a question of *construction* for the court, and then it is for the court; but it is often regarded as a question of fact, and then it is for the jury." 2 Parsons on Con. (5th ed.), p. 11.

In this case it would seem that a proper construction of the contract would be a question of fact for the jury, because the terms of the several promises in writing relied upon by the plaintiffs were such as to allow of a liability on the part of defendants as either collateral or original undertakings on their part, according as the facts which attended and formed a part of the contract would show them to be the one or the other; whether the obligation was that of guarantors, or an absolute contract by them to pay the money absolutely, and independently of any liability of other persons.

It is laid down that no special words or form are necessary to constitute a guaranty. "If the parties clearly manifest that intention, it is sufficient; and if the guaranty admits of more than one interpretation, and the guarantee has acted to his own detriment, with the assent of the other party, as by advancing money, on the faith of one interpretation, that will prevail, although it be one which is most for the interest of the guarantee." 2 Parsons on Con. (5th ed.), 5.

The written terms which are used, and which have been quoted, are in themselves doubtful, and suggest, themselves, that there may be something in the transaction which gave rise to them, which will be explanatory of, and render clear, their meaning, and thus afford light for the interpretation of the contract as it was really intended and actually agreed to. The term, or word, "accepted," is indefinite and unmeaning when read as an indorsement of a promissory note. It has, however, sig-

nificant and apt relevancy to a draft, if it were drawn upon the person who thus indorsed it.

Again, the failure to use the familiar and common words appropriate to signify the relation of guarantor, if it was so meant, as, "I guaranty payment of the within," or similar words, and also the fixing a specified time for payment, and varying the terms of the note by increasing the rate of interest, are intrinsic facts on the face of the paper, which are not only sufficient, but which invite the introduction of parol evidence as to the facts and circumstances which existed at the time of making the contract — not to vary, alter or contradict it, but to construe and explain it according to the intention of the parties.

"A liberal interpretation is specially to be given to all commercial contracts. They are not to be construed strictly and technically, like bonds, which are generally technical in their form, and drawn with caution, but all the facts and circumstances in the transaction which may be indicative of the intention of the parties are to be considered. And this rule stands upon the manifest ground, that, as these contracts are almost invariably drawn up loosely and informally, leaving much to inference, and often requiring a consideration of extrinsic circumstances to render them intelligible, a strict construction would frequently defeat the objects and intentions of the parties, and render them an unsafe basis for those extensive credits by which the commerce of the world is carried on. Contracts of guaranty, for instance, are always to be construed in this mode." Story on Con., sec. 640a.

The indorsement which was made by the defendants appearing, as has been seen, to be doubtful, and requiring, in order to arrive at the true meaning, further evidence, parol evidence was clearly admissible to ascertain the intention of the parties. See sec. 670, Story on Con.

It was held in Cook v. Southwick, 9 Tex., 615, that it

was competent for a person not the payee, who signed his name upon the back of a promissory note at the time of its inception, without any words to express the nature of his undertaking, to show by oral evidence the real obligation intended to be assumed at the time of signing.

The plaintiffs alleged that the defendants " assumed " the payment of the notes referred to. This allegation imports an original undertaking on their part to pay the debts or notes — to pay them without condition, and not subject to, or connected with, any obligation of the makers of the notes, nor dependent on their performance of any act in relation to said notes. An independent obligation, in a word, to pay the notes on their own account, under a contract to do so, founded upon a valuable consideration — not an obligation collateral to that of the makers of the note. Such a contract was not a guaranty, nor a contract of suretyship; nor was it a technical indorsement of the note, according to commercial law. If it was, then, such a contract, the release of the makers of the notes was an act which may have been wholly consistent with the objects, inducements and considerations which induced the contract made between the plaintiffs and defendants.

Ample evidence, for aught that can be made to appear to us, may have been adduced on the trial to establish an original absolute contract on the parts of the defendants as the same was claimed to be by the petition. And this position is supported by the facts alleged in the petition descriptive of the terms of the written promises of defendants,— " Accepted, payable ninety days from January 13, 1870," etc. This would be an appropriate form for an original promise to pay a draft drawn upon the acceptor; or to pay the notes upon which the acceptance was indorsed at the verbal request, or a separate written letter or order from the maker of the notes, requesting the defendants to pay said notes at ninety days when presented

for such acceptance. And it would be consistent with the existence of such a transaction, that the defendants may have had funds in their hands of the makers of the notes, on the faith of which such order or request was made, or that the defendants were indebted to the makers of said notes, and that the consideration of the acceptance and payment of the notes was the discharge and settlement of their supposed debt. In the cases supposed, there would exist no such privity of contract between the defendants and the parties to the notes as would constitute the former guarantors, to be affected by the release of the makers of the notes. We think there is no error, and that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered May 6, 1881.]