**Robert Clinton RICHEY, Appellant,**

v.

**Loretta J. Richey BOLERJACK, Appellee.**

**No. 1263.**

Court of Civil Appeals of Texas, Tyler.

May 10, 1979.

Rehearing Denied June 7, 1979.

Joel B. Mitchell, Austin, for appellant.

Joseph D. Martinec, Fabela, Martinec, Borsheim & Anderson, Austin, for appellee.

MOORE, Justice.

Appellee, Loretta J. Richey Bolerjack, filed a motion for contempt against appellant, Robert Clinton Richey, for failure to make child support payments in accordance with the previous order of the court. She also requested the court to increase the child support payments. Appellant answered with a motion for summary judgment.

After a hearing the trial court overruled appellant's motion for summary judgment and entered an order finding him in arrears in child support payments in the amount of $1,312.50. The court ordered the appellant to pay the arrearage in four monthly installments of $328.00 each but did not find appellant to be in contempt or assess any punishment in the event he failed to make the payment. The court also ordered appellant to make future child support payments in the amount of $250.00 per month until the youngest child reached the age of eighteen. Appellant duly perfected this appeal.

The record is before us upon an agreed statement of facts. There are no findings of fact or conclusions of law.

The agreed statement of facts is as follows:

"(1) The presence of a court reporter at the hearing of this cause on the 20th of April 1978 was waived by both parties.

"(2) At the above referenced hearing, there was no facts in controversy.

"(3) The facts which are understood and agreed to by both parties were that the RESPONDENT, ROBERT CLINTON RICHEY, complied with the order entered herein dated 10 August, 1976, by paying $300.00 per month for child support until the eldest of the four children covered by said Order, said child being Vikki Rose Richey, reached age 18, at which time RESPONDENT reduced his child support payments by twenty-five percent (25%), said reduction being made without agreement of MOVANT, LORETTA RICHEY BOLERJACK, and being made without request to, or approval of the Court. This reduction resulted in an arrearage of $1,312.50, as was found by the trial Court."

The record reveals that in the original divorce decree, appellee was appointed managing conservator of the parties' five minor children. By a subsequent order dated August 10, 1976, appellant was appointed the managing conservator of one of the children and was ordered to make child support payments in the amount of $300.00 a month for the support of the four children in the

custody of appellee, Loretta J. Richey Bolerjack. The order of August 10, 1976, which appellant is accused of disobeying, recited that the $300.00 per month child support payments were to continue until the *"said children"* reach the age of 18 years or until further order of the court. (Emphasis supplied.) On January 18, 1978, appellee instituted the present suit by filing an affidavit for contempt alleging that the appellant had paid only $225.00 per month child support since January 1977, instead of the $300.00 per month as ordered by the court. She further alleged that due to a change of conditions, the child support payments should be increased.

The order in the present case recites as follows:

"The previous order of this Court dated August 10, 1976 clearly requires Respondent to pay $300.00 per month for the support of the four minor children adopted by Respondent and born of Movant, Vikki Rose Richey, Robin Suzanne Richey, Patrice Danielle Richey and Sheryl Kay Richey, until the youngest child reaches the age of eighteen years; the Court further finds that Respondent has failed to make such payments and is in arrears in the amount of $1,312.50.

"The Court further finds that the sum of $250.00 per month is a reasonable amount of money to be paid by Respondent to Movant for the support of the two minor children remaining in Movant's household under the age of eighteen years. . . ."

After ordering appellant to pay the sum of $250.00 per month for future child support payments, the order recited as follows:

"IT IS FURTHER ORDERED that respondent pay to movant by paying through the Travis County Domestic Relations Division at the Travis County Courthouse, Austin, Travis County, Texas, the sum of $328.00 on or before the 1st day of August 1978; the sum of $328.00 on or before the 1st day of November 1978; the sum of $328.00 on or before the 1st day of February, 1979; and the sum of $328.00 on or before the 1st day of May, 1979, until all amounts found to be in arrears and due for the failure to pay child support are paid in full."

Appellant contends that the trial court erred in finding him in arrears in child support payments and ordering him to pay the same because the order of August 10, 1976, requiring him to pay $300.00 until "the said children reach the age of 18 years or until the further order of the court" is ambiguous and unenforceable. In reply appellee argues that this court is without jurisdiction to hear the appeal. She takes the position that this is an appeal from a contempt order, the validity of which may be attacked only by a writ of habeas corpus. We agree with appellee's contention that this court lacks jurisdiction, but on grounds other than those relied on by appellee.

██ It will be observed that the order in question does not attempt to enforce the previous order for child support payments by contempt as prayed for by the appellee. Nowhere does the order specifically state that the court found that the appellant was in contempt. It does adjudge that appellant was in arrears in the amount of $1,312.50, but it does not prescribe any punishment for contempt, nor does it provide that appellant will be held in contempt in the event he fails to obey the order requiring him to pay the arrearage in four monthly installments. In order to dispose of appellee's motion for contempt, a further order would be required after a hearing to determine whether an act of contempt had been committed and if so, to assess the penalty therefor. Consequently, that portion of appellee's suit seeking to enforce past support payment by contempt was left in limbo without a final disposition having been made thereon. It is therefore clear that the order is not a final appealable order. In effect, it merely imposed upon appellant the same obligation he already had under the support order dated August 10, 1976, and did nothing more than to extend the time in which the support payments could be made. Since the order falls short of disposing of appellee's motion for contempt, it does not amount to a final

judgment disposing of all issues before the court.

In *Wagner v. Warnasch*, 295 S.W.2d 890, 892–93 (1956), a similar situation was presented. The court, speaking through Chief Justice Hickman, said:

"To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. This familiar rule is established by many cases, a number of which are cited in 3 Tex.Jur. p. 126, Sec. 62. In *Linn v. Arambould*, 55 Tex. 611, 618, this court quoted with approval from Freeman on Judgments as follows: 'But an order or decree, made for the purpose of carrying a judgment or decree already entered into effect, is not a final judgment or decree, and cannot be appealed from as such.' The order in this case was made for the sole purpose of expediting the carrying into effect of a judgment already entered, and it falls squarely within the rule just quoted."

Obviously, the purpose of the order appealed from in the present case was to carry into effect the support order which had already been entered. Since it did nothing more than grant the appellant additional time to comply with the support decree, it did not finally preclude further proceedings in the court below. As the order was not a final judgment, it follows that this court is without jurisdiction to hear the appeal.

If, by a liberal construction, the order should be held to be a judgment of contempt, this court would have no jurisdiction because of the well settled rule that the validity of a contempt order may be attacked only by a writ of habeas corpus. *Wagner v. Warnasch, supra; Garcia v. Garcia*, 469 S.W.2d 920 (Tex.Civ.App.-San Antonio 1971, no writ history); 12 Tex.Jur.2d Contempt, sec. 59.

Although appellant has brought an additional point of error challenging the judgment on other grounds, since no final appealable judgment was rendered by the tri-al court, this point cannot be considered in this proceeding.

The appeal is dismissed for want of jurisdiction.