Robert Clinton **RICHEY**, Petitioner,

v.

Loretta J. Richey **BOLERJACK**, Respondent.

No. B–8583.

Supreme Court of Texas.

Nov. 14, 1979.

---

Joel B. Mitchell, Austin, for petitioner.

Joseph D. Martinec, Austin, for respondent.

PER CURIAM

Loretta J. Richey Bolerjack filed a motion for contempt against Robert Clinton Richey, pursuant to Section 14.09(a) of the Texas Family Code,[1] alleging that he had failed to make child support payments in accordance with a previous court order. She also requested the trial court to increase the amount of child support payments.

After a hearing, the trial court entered an order setting certain prospective child support payments. The trial court also found that Richey had failed to meet his prior support obligations. The court found him to be "in arrears in the amount of $1312.50" and entered the following order:

"IT IS FURTHER ORDERED that Respondent [Richey] pay to Movant [Bolerjack] by paying through the Travis County Domestic Relations Division at the Travis County Courthouse, Austin, Travis County, Texas, the sum of $328.00 on or before the 1st day of August, 1978; the sum of $328.00 on or before the 1st day of November, 1978, the sum of $328.00 on or before the 1st day of February, 1979, and the sum of $328.00 on or before the 1st day of May, 1979 until all amounts found to be in arrears and due for failure to pay child support are paid in full."

The trial court did not otherwise mention Bolerjack's motion for contempt in its order.

Richey duly appealed from this order. He contended that the trial court had, in reality, entered a judgment for arrearages, pursuant to Section 14.09(c) of the Texas Family Code. Accordingly, Richey argued that the judgment for arrearages failed to conform to the pleadings in the motion for contempt, contrary to the requirements of Rule 301, Texas Rules of Civil Procedure.

The Court of Civil Appeals sitting in Tyler dismissed Richey's appeal. It held that the trial court's order was not a final judgment for appeal purposes. 581 S.W.2d 780. That court placed controlling emphasis on the trial court's failure to rule definitively on Bolerjack's motion for contempt. In so holding, the Court of Civil Appeals relied on *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956). We hold that the appeal was improperly dismissed.

In *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), this Court established the following rule for determining the finality of judgments for appeal purposes:

"When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits . . . it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it *and of all*

---

1. Statutory references are to Vernon's Texas Codes Annotated.

*issues made by the pleadings between such parties*". 400 S.W.2d at 897–98 (emphasis added).

In this case, the trial court entered a judgment disposing of both controversies before it. First, the court granted Bolerjack's motion to modify the child support payments. Second, the trial court ruled that Richey had indeed failed to pay past child support obligations, and ordered him to pay the amount by which he was in arrears. The trial court's order did not expressly reserve, for future consideration, its judgment on any part of Bolerjack's motion. The fact that the trial court apparently entered a judgment for arrearages in response to a motion for contempt is a matter relevant only to the merits of Richey's appeal; it does not affect the finality of the trial court's order.

The Court of Civil Appeals was mistaken in holding that *Wagner v. Warnasch* required a contrary result. In *Wagner*, the trial court specifically reserved judgment on the contempt motion until a later time. Absent such a specific reservation of judg-

ment on part of a case then pending before a court, a judgment entered on the merits of a case will be presumed final for appeal purposes. *Cf. Gani v. Gani,* 495 S.W.2d 576 (Tex.1973).

Accordingly, the writ of error is granted. We regard the holding of the Court of Civil Appeals to be in conflict with *North East Independent School District v. Aldridge, supra.* Pursuant to Rule 483, Texas Rules of Civil Procedure, we reverse the judgment of the Court of Civil Appeals without hearing argument, and we remand the case to the Court of Civil Appeals for its consideration of the merits of the appeal.