

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00602-CV

Michael Lawrence **SHALIT**,
Appellant

v.

Robyn **LYNN**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 11-177
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Irene Rios, Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: October 1, 2025

DISMISSED FOR WANT OF JURISDICTION

Michael Shalit challenges an order requiring him to pay $100,000 in connection with a divorce decree. Shalit characterizes the order as either (1) a temporary injunction, and thus subject to our interlocutory appellate jurisdiction, or (2) as a final judgment. We hold the order falls into neither category and dismiss this appeal for lack of jurisdiction.

## BACKGROUND

This is the third appeal arising out of Michael Shalit and Robyn Lynn's divorce. Because the background is covered in two previous opinions of this court, we reiterate it only where necessary to understand the present dispute.

In the first appeal, both Shalit and Lynn (then Robyn Lynn Shalit) challenged the divorce decree's property division. *See Shalit v. Shalit*, No. 04-19-00736-CV, 2022 WL 789347, at *1 (Tex. App.—San Antonio Mar. 16, 2022, pet. denied) (mem. op.). We affirmed but reversed the division of property, remanding for a new division. *See id*. at *1, *15. On remand, the trial court signed another decree in light of the appellate mandate.

Shalit appealed that new decree, arguing the trial court failed to hear evidence regarding post-divorce property changes and failed to reevaluate the spousal maintenance award. *See Shalit v. Shalit*, 04-23-00749-CV, 2024 WL 2836638, at *1, *3–*4 (Tex. App.—San Antonio June 5, 2024, pet. denied) (mem. op.). This time, we affirmed the new decree without any further remand. *See id*. at *1, *5.

On September 9, 2023, while the second appeal was pending, Lynn filed a petition seeking enforcement of the divorce decree. The petition claims multiple violations of the property division and requests various relief, including contempt, a receivership, and a turnover order.

At issue in this third appeal: the final divorce decree requires Shalit to pay Lynn $100,000 "for waste to make necessary repairs to the residence for the waste committed to same during the pendency of the divorce proceeding." The decree makes payment due "upon entry of this Final Decree of Divorce." The petition alleged that Shalit never complied with this provision and requested the trial court order him to pay the amount. Additionally, Lynn filed a "motion for emergency funds" reiterating her request that Shalit pay the $100,000 for home repairs.

After holding a non-evidentiary hearing, the trial court granted Lynn's motion. The order tracks the decretal language and is reproduced below:

> On August 13, 2024, the Court considered the Motion for Emergency Funds filed by Robyn Lynn, formerly known as Robyn Shalit. The Court, after reviewing the pleadings and considering the evidence orders that $100,000.00 be paid to Robyn Lynn on or before 5pm on 9/13/2024 as had been ORDERED in previous decrees by this Court.

Shalit now attempts to appeal this August 13, 2024 order.

## DISCUSSION

On the merits, Shalit argues the order at issue is not supported by any evidence due to the lack of an evidentiary hearing. However, because the order did not initially appear appealable, we requested the parties to address appellate jurisdiction in their briefing.

## 1    Appellate Jurisdiction

We "always have jurisdiction to determine [our] own jurisdiction." *Kim v. Ramos*, 632 S.W.3d 258, 263 (Tex. App.—Houston [1st Dist.] 2021, no pet.). The existence of appellate jurisdiction is a question of law that we review de novo. *See Bienati v. Cloister Holdings, LLC*, 691 S.W.3d 493, 497 (Tex. 2024) (per curiam) (reviewing an intermediate appellate court's exercise of jurisdiction).

Shalit argues the August 13, 2024 order operates as either a temporary injunction or as a final judgment. Either characterization would give us appellate jurisdiction, albeit interlocutory jurisdiction in the first case. In response, Lynn argues the order is neither a temporary injunction nor final and thus is not appealable. We agree with Lynn.

### 1.1    The order is not a temporary injunction.

Shalit cites to *Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32 (Tex. 2024) in support of his argument that we have interlocutory appellate jurisdiction. In that case, the Texas Supreme Court considered an order that "(1) require[d] the enjoined party

to perform; (2) [was] made effective and operates while suit remains pending; and (3) compel[led] performance based on a determination that the opposing party's claim has merit." *Id*. at 40. The supreme court held that the order functioned as a temporary injunction and was thus appealable under section 51.014(a)(4) of the Civil Practice and Remedies Code. *Id*. at 41.

Importantly, the order in *Harley Channelview* took "immediate effect, *before* final judgment." *Id*. at 40 (emphasis added). In contrast, the August 13, 2024 order is a *post*-judgment order requiring Shalit to comply with a provision of a divorce decree. And unlike a temporary injunction, the order is not a preliminary determination on the merits—the merits have already been settled by a final judgment.

Thus, the only issue left to adjudicate is post-judgment enforcement and Shalit's noncompliance with the decree, a matter firmly within the trial court's inherent power. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) ("Generally, every court with jurisdiction to render a judgment also has the inherent authority to enforce its judgments."); TEX. GOV'T CODE § 21.001(a) (providing that a court has all powers necessary for the enforcement of its lawful orders); TEX. R. CIV. P. 308 (requiring a court to enforce its judgments). The trial court retains this authority even after plenary power expires. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982).

And in post-divorce enforcement actions, Chapter 9 of the Texas Family Code reiterates that a court that renders a divorce decree "retains the power to enforce the property division." TEX. FAM. CODE § 9.002. And, with certain limitations, "the court may render further orders to enforce the division of property . . . to assist in the implementation of or to clarify the prior order." *Id*. § 9.006(a).

In short, the August 13, 2024 order does not act like a temporary injunction. *Harley Channelview* does not apply and, thus, we do not have interlocutory appellate jurisdiction.

**1.2     The order is not a final order.**

Shalit's secondary argument is that the order at issue is a final judgment, even though it has no intrinsic indicia of finality, because the *Aldridge* presumption applies. We disagree.

"We have long recognized a presumption of finality for judgments that follow a conventional trial on the merits." *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010) (per curiam) (citing *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966)). The presumption exists to provide a predictable appealability rule and applies "in the absence of a contrary showing on the record." *Aldridge*, 400 S.W.2d 893, 898; *see also Richey v. Bolerjack*, 589 S.W.2d 957, 959 (Tex.1979) (per curiam) (suggesting a judgment may not be final if it expressly reserves an issue "for future consideration").

Here, the August 13, 2025 order was rendered after a non-evidentiary hearing. Shalit characterizes this hearing as a bench trial. But the record does not support this characterization. At the hearing, the trial court initially took up pending motions: Shalit's special exceptions and Lynn's motion for emergency funds. The court heard argument of counsel and ruled on those two matters. Regarding the remaining issues, the court stated on the record, "I'm not going to make any binding decisions at this juncture."

This hearing was not a conventional trial on the merits: it was a hearing on pending motions. Therefore, the *Aldridge* presumption does not apply. *Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (per curiam).

Instead, the *Lehmann* test controls. Under that test, a judgment or order issued without a conventional trial is final if "it actually disposes of all claims and parties then before the court, regardless of its language," or "it states with unmistakable clarity that it is a final judgment as to

all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001); *see also In re C.K.M.*, 709 S.W.3d 613, 616 n.7, 617 nn.8 & 10 (Tex. 2025) (per curiam) (collecting cases governing judgment finality in the absence of a conventional trial on the merits).

The August 13, 2025 order satisfies neither avenue of finality. It disposes of only a small portion of Lynn's enforcement requests[1] and therefore does not "actually dispose of all claims and parties." *Lehmann*, 39 S.W.3d at 192. Furthermore, the order contains no indicia of finality. *See C.K.M.*, 709 S.W.3d at 618–19 (identifying various indicia of finality). We hold the order is not final.

CONCLUSION

The August 13, 2025 order is neither a temporary injunction nor a final judgment. The order is, therefore, not appealable. We dismiss this appeal for lack of jurisdiction.

Velia J. Meza, Justice

---

[1] We reject Shalit's contention that the motion for emergency funds functionally served a new petition for enforcement, somehow superseding Lynn's previously filed petition. *See* TEX. R. CIV. P. 65. The motion was filed in the same cause number and does not purport to amend the prior petition. *See id*. R 62, 64. And there is no indication that Lynn was attempting to abandon the claims in her petition. At best, the motion could be construed as a supplemental petition; however, the prior petition would remain live for the purposes of our inquiry here. *See id*. R 69, 71.