## HEIPLE v. JENKINS.

### No. 9201.

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Rehearing Denied Jan. 17, 1934.

Second Rehearing Denied Feb. 14, 1933.

C. C. Bowie and A. L. Montgomery, both of San Benito, for appellant.

J. O. Prentiss, of San Benito, for appellee.

SMITH, Justice.

The record consists only of an agreed statement of the facts in the case and the judgment of the court, supersedeas bond, and bill of costs. There are no pleadings of the parties, or findings or conclusions of the trial judge. The agreed statement is as follows:

"That appellee on or about December, 1931, acting by and through his agent, F. W. Colmery, entered into a verbal agreement with appellant, whereby appellee bound and obligated himself to furnish appellant certain seed potatoes to be grown on certain land owned by appellant in Cameron County, Texas, during the potato crop season of 1931 and 1932, and appellant bound and obligated himself to furnish said land, plant said seed potatoes therein, cultivate, harvest and sell all of said potatoes grown on said land.

"That the proceeds from the sale of all of such crop after deducting all necessary expenses incurred in the harvesting and marketing of said crop, exclusive of labor and water charges should be divided equally by and between appellant and appellee.

"That appellee did furnish said potatoes to appellant and appellant did plant same on said land and thereafter cultivated, harvested, marketed and sold all of said crop in his own name, all in accordance with said contract.

"That said potatoes were sold by appellant to a firm in Chicago and on or about April 27, 1932, appellant received a check on a Chicago bank payable to the order of appellant in the sum of $1362.38; that on said date appellant deposited said check to his personal account in the Farmers State Bank in San Benito, Texas, a Texas Banking Corporation, then doing a banking business in said city; that said check was deposited as aforesaid to appellant's account in said bank and credited thereto, subject to final payment in cash as is usual and customary with banks; that appellant made no attempt to withdraw the amount of said deposit or to pay appellee his share of said proceeds; that on or about May 16th, 1932, said bank failed to open its doors and on said date was placed in the hands of the banking commissioner of the State of Texas, for the purposes of liq-

uidation, and that said bank has at all times since been in the hands of said banking commissioner, and no dividends have been paid to appellant or to the depositors of said closed bank, and all proceeds of said check are now as they have ever been since said check was cleared in said closed bank.

"That on or about the date appellant deposited said check appellant advised appellee of its receipt and deposition of same. That appellant had other potatoes in which appellee was interested, and from which no returns had been received and no demand was made by appellee from appellant for his share of the proceeds from the sale of such crop until on or about May 21st, 1932, whereupon appellant failed and refused to pay said money according to the terms of said contract but did then and there tender to appellee his assignment of claim against said bank and banking commissioner in the sum of $624.88, the amount sued for in this suit, which assignment appellee refused and still refuses to accept.

"That for the past several years appellant and appellee have entered into similar contracts whereby the proceeds of potato crops were to be divided in shares, and on each and every occasion where said potatoes were furnished, appellant sold same in his own name, and thereafter issued his personal check payable to appellee for his share of the proceeds from said potato crop. That while the contracts in previous years had been in writing and provided that an equal share of the potatoes were to be delivered to appellant, such written contracts had not been followed with reference to the delivery of the potatoes but appellant had always sold the entire crop as hereinabove set out.

"That appellee's one-half of the proceeds from the sale of said potatoes is $624.38, which sum appellee has never received.

"We agree that this case, upon appeal, may be decided upon this agreed statement in accordance with the provisions of the statute, and determined accordingly, and the proceedings themselves shall be omitted from the transcript."

Upon this statement the trial court rendered judgment for appellee for the agreed amount, $624.38.

■ We are of the opinion that the judgment ought not to stand. The facts show that appellant deposited the proceeds of the particular sale in the bank in accordance with the custom consistently followed by appellant and acquiesced in by appellee in similar transactions over a period of several years, and we see no reason why appellant should bear the whole loss occasioned, not through any fault or negligence of his own, but by the acts of the bank which both parties had elected, by long custom, as the de-

pository of the joint funds, pending distribution thereof.

The judgment is reversed, and the cause remanded.

### On Second Motion for Rehearing.

The opinion filed herein on original motion for rehearing, on January 17, 1934, will be withdrawn and this substituted therefor.

■ The agreed statement upon which the appeal was submitted in this court is presumed to embrace every fact in the case, and no other facts or findings may be presumed or inferred, except such facts as are necessarily implied from those expressly stipulated. Article 2280, R. S. 1925; Rogers v. Gould, 20 Tex. 437; Missouri, K. & T. Ry. Co. v. Fisher (Tex. Civ. App.) 47 S. W. 284 (writ refused).

The ultimate effect of the contract between the parties, according to the agreed statement, was that they should participate equally in the net proceeds of the sale of the crop involved, to be collected and distributed by appellant. In this instance the proceeds were evidenced by a check upon a Chicago bank, which was placed in the San Benito bank by appellant for collection in due course, in accordance with the usual custom of the parties. The stipulated facts force the implication that while the check was in course of collection the collecting bank failed, thus tieing up the proceeds of the sale, and suspending the power of appellant to distribute the fund until the amount, whether in whole or in part, is salvaged from the wrecked collecting bank. Appellee's right to participate in the proceeds depends upon the amount thus salvaged, as and when ascertained by the liquidator of the bank.

Appellee's second motion for rehearing is overruled.