Temple JOHNSON, Jr., Appellant,

v.

Lola Juanita JOHNSON, Appellee.

No. 8910.

Court of Civil Appeals of Texas, Amarillo.

Sept. 18, 1978.

Garner, Vickers & Purdom (Thomas J. Purdom), Lubbock, for appellant.

Griffith & Brister (Thomas J. Griffith), Lubbock, for appellee.

REYNOLDS, Justice.

Temple Johnson, Jr., appeals from a judgment awarding his former wife, Lola Juanita Johnson, two thousand dollars for unpaid child support decreed by a prior judgment. No reversible error is demonstrated from the record brought to this court. Affirmed.

Temple and Lola Juanita agreed to a modification of the child support Temple had been ordered to pay by the Court of Domestic Relations, Nueces County. That court entered the agreement as its judgment which, as material here, stated:

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff, Temple Johnson, shall contribute to the support of the minor children, Temple Dean Johnson, Phyllis Ann Johnson, and Russell Lane Johnson, in the sum of Three Hundred Twenty-Five Dollars ($325.00) per month, payable at the rate of One Hundred Sixty-Two and 50/100 Dollars ($162.50) on the first and fifteenth of each month, commencing the 15th day of October, 1973, such sums to be paid through the Wife and Child Support office of Nueces County, Texas, and it is further OR-DERED, ADJUDGED AND DECREED that when Temple Dean Johnson has attained the age of eighteen years, that this support shall reduce to a monthly support of Two Hundred Fifty Dollars ($250.00), payable for the support of the remaining two children, payable at the rate of One Hundred Twenty-Five Dollars ($125.00) twice monthly as provided above . . . .

After Temple Dean reached the age of eighteen years, Temple paid the $250 monthly support payments until Phyllis Ann became eighteen. At that time, Temple began paying a lesser sum.

Shortly thereafter, Lola Juanita instituted this suit in a district court in Lubbock County. By this action, she sought a judgment for all delinquent child support payments decreed under the prior judgment at the rate of $250 per month.

Following an evidential hearing, the trial court found that Temple was ordered by the Nueces County Court of Domestic Relations to make child support payments for the support of the minor children, including Russell Lane, in the amount of $250 a month, that Temple had not paid as ordered, and that $2,000 was unpaid and owing. Judgment for $2,000 was rendered accordingly.

Appealing without submitting a statement of facts, Temple advances two points of error. The trial court erred, he contends, first in finding that he was ordered to pay $250 a month for the support of one child, and second, in finding that the child support judgment was enforceable and not so vague and indefinite as to be unenforceable.

The child support judgment was certain as long as both Phyllis Ann and Russell Lane were less than eighteen years of age, but the judgment became ambiguous when Russell Lane was the only child under the age of eighteen. See Ex parte Slavin, 412 S.W.2d 43 (Tex.1967). The certain aspect of the judgment gives rise to Temple's contention that the logical interpretation of the judgment is that it ordered him to pay $125 per month per child; otherwise, he argues, the judgment is too vague and indefinite to be enforceable because it admits of three reasonable interpretations. One of those interpretations is the construction placed on the judgment by the trial court following the evidential hearing.

Because of the ambiguity, the child support judgment is as susceptible of the interpretation placed on it by the trial court as the one contended for by Temple. The ambiguity makes the judgment unenforceable under the authorities which Temple cites for the principle that a judgment must be sufficiently definite and certain to permit its enforcement by contempt or summary process. But that principle relating to judgments generally does not govern the interpretation of a judgment by agreement; rather, an agreed judgment must be interpreted as if it were a contract between the parties and the interpretation thereof is governed by the laws relating to contracts. *Ex parte Jones*, 163 Tex. 513, 358 S.W.2d 370, 375 (1962).

A contract must be construed so as to give effect to the intention of the parties and, if the intention expressed on the face of the contract is doubtful, resort may be had to parol evidence of the situation and the surroundings of the parties to resolve the doubt. *Gardner v. Watson*, 76 Tex. 25, 13 S.W. 39, 40 (1890). Similarly, the resolution of an ambiguity in an agreed judgment turns upon the intention of the parties as disclosed by the provisions of the judgment and the surrounding circumstances, *Hutchings v. Bates*, 406 S.W.2d 419, 420 (Tex.1966), which may be clarified through the admission of extrinsic evidence. *La Brie v. McKim*, 56 Tex.Civ.App. 322, 120 S.W. 1083, 1084 (1909, no writ). The same rule has been held to be applicable to other ambiguous judgments. *Permian Oil Co. v. Smith*, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 567 (1937).

To resolve the ambiguity in the child support judgment, the trial court heard evidence which has not been included in the appellate record. Absent a statement of facts, every presumption must be indulged in favor of the court's findings and judgment. *Commercial Credit Corporation v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 365 (1945). Given this absolute verity of the court's findings and resulting judgment, Temple's points of error must be overruled.

The judgment is affirmed.