**Robert Clinton RICHEY, Appellant,**

v.

**Loretta J. Richey BOLERJACK, Appellee.**

**No. 1263.**

Court of Civil Appeals of Texas, Tyler.

Jan. 24, 1980.

Joel B. Mitchell, Austin, for appellant.

Joseph D. Martinec, Fabela, Martinec, Borsheim & Anderson, Austin, for appellee.

MOORE, Justice.

Appellant, Robert Clinton Richey, appeals from a judgment awarding his former wife, Loretta J. Richey Bolerjack, appellee, the sum of $1,312.50 for unpaid child support. In order to properly understand the issues involved, a brief history of the case is needed.[1]

Under the terms of the original divorce decree, the wife was awarded custody of the parties' five children, together with a judgment for child support. On August 10, 1976, the husband filed suit seeking custody of one of the children. In that suit he alleged that the parties had agreed to a change of custody of the child and further alleged that in the event the court granted his request for a change in custody, the parties had agreed that the child support payment should be reduced by $50.00 per month from $350.00 per month to $300.00 per month. On the same day the petition was filed, the trial court entered a judgment granting the husband custody of one of the children as prayed for. The judgment recited that the parties had agreed on other matters. The court also reduced the future child support payments from $350.00 to $300.00 per month. The judgment in that case, which was approved by both parties, recites as follows:

"It is further ORDERED that PETITIONER, ROBERT CLINTON RICHEY, pay to RESPONDENT, LORETTA J. RICHEY PFITZNER, hereby by paying through the Travis County Domestic Relations Division at the courthouse, Austin, Texas, the sum of $150.00 on or before the 16th day of August, 1976, and the further sum of $150.00 on or before the 1st day of September, 1976, with a like and similar sum of $150.00 on each subsequent 16th day and 1st day of each month thereafter for the support of the four children in RESPONDENT'S custody; said support to continue until the said *children reach the age of eighteen years* or until further order of the Court." (Emphasis added.)

Thereafter, appellant paid the sum of $300.00 per month in accordance with judgment until the eldest of the four children reached her eighteenth birthday. At that time, appellant reduced his child support payments by twenty-five percent, thereafter paying $225.00 per month rather than $300.00.

Thereafter, on January 18, 1978, the ex-wife instituted the present suit by filing a motion for contempt against appellant, seeking to enforce delinquent support payments pursuant to section 14.09(a) of the Texas Family Code.[2] She also requested the trial court to increase the amount of the child support payments. After a hearing before the court without a jury, the trial court entered an order modifying the child support payments set by the August 10, 1976 order. The court set the prospective child support payments at $250.00 per month for the two children who were at that time under the age of eighteen. The judgment also recited that the trial court found that appellant had failed to pay the full amount of his prior support obligations. The court found appellant to be in arrears in the amount of $1,312.50 and ordered him to pay such amount in four equal installments of $328 each, but did not find him to be in contempt. Appellant duly appealed from the order.

We affirm in part and reverse and remand in part.

---

1. On a previous occasion we dismissed appellant's appeal, holding that we were without jurisdiction because the judgment was not a final judgment. 581 S.W.2d 780 (1979). The supreme court reversed, holding that the judgment was final. It remanded the case back to this court for consideration of the case on the merits. 589 S.W.2d 957 (Tex.1979).

2. Statutory references are to Vernon's Texas Codes Annotated.

■ Appellant seeks a reversal on the ground that the support order dated August 10, 1976, upon which the present order for arrearage is based, is ambiguous, vague, and indefinite as to the amount he was obligated to pay once the eldest child reached the age of eighteen. We are of the opinion that the contention must be sustained.

The above-quoted support order, dated August 10, 1976, was certain as long as all four children were under eighteen years of age, but when the eldest child became eighteen, the judgment became ambiguous, indefinite, and uncertain as to what amount appellant was obligated to pay. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967). For all practical purposes the support order in the present case is the same as the support order in *Ex parte Slavin*. In *Slavin*, the court held that the support order was ambiguous and unenforceable because at the time the eldest child reached eighteen, it became uncertain as to whether the father was obligated to support his eldest child after she had reached eighteen, or whether the support payments were to continue unreduced for the other children under eighteen, or whether the support payments should be proportionately reduced. Although we recognize that in *Slavin* the court held that the support judgment was ambiguous and not sufficiently certain to support a contempt order, we do not perceive why the same rule should not be applicable to the situation presented here where the court refused to hold appellant in contempt and rendered a money judgment for accrued child support allegedly owing under the previous support order.

■ The general rule is that a judgment must define in clear, specific, and unambiguous terms the duties and obligations imposed upon a party. *Brook Mays Organ Co. v. Sondock*, 551 S.W.2d 160, 165 (Tex.Civ.App.-Beaumont· 1977, writ ref'd n. r. e.); *Rausheck v. Empire Life Insurance Co.*, 507 S.W.2d 337, 340 (Tex.Civ.App.-Texarkana 1974, writ ref'd n. r. e.). In short, a judgment must be sufficiently definite and certain to permit its enforcement by contempt or summary process. *Johnson v. Johnson*, 572 S.W.2d 364 (Tex.Civ.App.-Amarillo 1978, no writ); see *Ex parte Slavin*, supra. Upon applying the foregoing rules to the case at bar, it is obvious that the support order of August 10, 1976, is so indefinite, uncertain, and ambiguous that it may not be enforced under enforcement provisions of Family Code section 14.09(c). It follows that the trial court erred in entering a money judgment for arrearage based on the ambiguous support order dated August 10, 1976.

Appellee takes the position that since the ambiguous support order in question actually amounted to an agreed judgment, the trial court was authorized to interpret the same as a contract. Proceeding on this premise, she maintains that the judgment may be sustained on the theory that the trial court, after hearing the evidence, resolved the ambiguity in her favor and impliedly found from extrinsic evidence that it was agreed between the parties that the $300.00 per month support payments would continue after the date that the eldest child reached age eighteen. We have concluded that under the record before us the judgment cannot be sustained on that basis.

The record on this appeal is before us by way of an agreed statement of facts. There are no findings of fact and conclusions of law. The statement of facts, which was agreed to and signed by the attorneys for both parties, is as follows:

"The presence of a court reporter at the hearing of this cause on the 20th of April, 1978, was waived by both Parties.

"At the above referenced hearing, there were no facts in controversy.

"The facts which were understood and agreed to by both Parties were that the RESPONDENT, ROBERT CLINTON RICHEY, complied with the Order entered herein dated 10 August, 1976, by paying $300.00 per month for child support until the eldest of the four children covered by said Order, said child being VIKKI ROSE RICHEY, reached age 18, at which time RESPONDENT reduced his child support payments by twenty-five per cent (25%),

said reduction being made without agreement of MOVANT, LORETTA RICHEY BOLERJACK, and being made without request to, or approval of the Court. This reduction resulted in an arrearage of $1,312.50, as was found by the trial Court."

■ There is nothing in the agreed statement of facts showing that the trial court heard extrinsic evidence relating to the intentions of the parties at the time they entered into the ambiguous support order dated August 10, 1976. Moreover, there is nothing in the agreed statement of facts or in any other part of the record indicating that the cause was tried and submitted on that theory. Where the statement of facts is made pursuant to Rule 378 of the Texas Rules of Civil Procedure, the agreed statement of facts on which the appeal was submitted in this court is presumed to embrace every fact in the case, and no other facts or findings may be presumed or inferred except such facts as are necessarily implied from those expressly stipulated. *Stewart v. Mobley*, 500 S.W.2d 246, 249 (Tex.Civ.App.-Beaumont 1973, writ ref'd n. r. e.); *Heiple v. Jenkins*, 67 S.W.2d 669, 670 (Tex.Civ.App.-San Antonio 1934, writ dism'd).

■ In the absence of any independent evidence as to what the parties intended when they agreed to the entry of the ambiguous support order, we are not at liberty to presume, in support of the judgment, that the trial court heard extrinsic evidence and resolved the ambiguity in favor of appellee. Consequently, the judgment cannot be sustained on that theory.

■ Also, we do not believe the judgment can be sustained on the theory that the trial court was authorized to modify the prior support judgment so as to require payment of the arrearage in future installments.

■ The judgment in the present case not only granted appellee's motion to modify future child support payments, but also ordered appellant to pay the delinquent payments which had accrued prior to the motion to modify. Under the provisions of article 4639a (since repealed), the courts previously had the power to modify the date and manner of payment of past-due child support. *Menner v. Ranford*, 487 S.W.2d 698 (Tex.1972). Such power, however, was not carried over into the enforcement provisions of the Texas Family Code section 14.09. Under the family code, child support payments may not be modified once they have accrued; an order providing for support may be modified only as to subsequent child support obligations. Tex.Fam. Code Ann. section 14.08(c)(2) (1975); *Whitley v. Whitley*, 566 S.W.2d 660, 662–63 (Tex. Civ.App.-Beaumont 1978, no writ); *Houtchens v. Matthews*, 557 S.W.2d 581, 584 (Tex. Civ.App.-Fort Worth 1977, writ dism'd). Consequently, we are of the opinion that the trial court was without authority to enforce the payment of the accrued child support in the manner attempted here.

This brings us to the question of whether the case should be reversed and rendered or remanded for further development. As heretofore noted, the support order of August 10, 1976, is patently ambiguous and uncertain. The trial court, nevertheless, by a finding made in the judgment, found, without the aid of any extrinsic evidence explaining the ambiguity, that the prior support judgment "clearly" required appellant to pay the full $300.00 per month until the youngest child reached the age of eighteen years.

■ Since the prior support judgment is in the nature of an agreed judgment, it must be interpreted as a contract and the interpretation thereof is governed by the laws relating to contracts. *Ex parte Jones*, 163 Tex. 513, 358 S.W.2d 370, 375 (1962); *Johnson v. Johnson*, supra. The resolution of the ambiguity turns on the intention of the parties which may be shown by the admission of extrinsic evidence. *Johnson v. Johnson*, supra.

It is obvious from the statement of facts that the case was not fully developed with regard to whether the parties, at the time the agreed support judgment was entered, intended that the $300.00 per month pay-

ments were to continue after the eldest child reached eighteen. Further, appellee's petition was wholly insufficient to support a recovery on such theory.

We think the ends of justice will be best served if we reverse and remand this case for another trial, at which time the pleadings may be amended and the evidence more fully developed with regard to the intentions of the parties at the time of the entry of the prior support order. We are warranted in pursuing this course by the following authorities: *Williams v. Safety Casualty Co.*, 129 Tex. 184, 102 S.W.2d 178 (1937); *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 798–99 (1951); and *Ostrom v. Jackson*, 127 S.W.2d 987, 993 (Tex.Civ.App.-Fort Worth 1939, no writ).

Accordingly, that part of the judgment finding that appellant was in arrears in child support payments in the amount of $1,312.50 and further ordering that such amount be paid in four equal installments, is hereby severed and that part of the judgment is hereby reversed and remanded to the trial court for another trial. In all other respects the judgment is affirmed.

Affirmed in part and reversed and remanded in part.