**Charlie Lee HOWARD, Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.**

**No. 05–83–01102–CV.**

Court of Appeals of Texas, Dallas.

Aug. 17, 1984.

Donald V. Yarborough, Dallas, for appellant.

William M. Routon, II, Tyler, for appellee.

Before GUITTARD, C.J., TUNKS, C.J.[1] and MURRAY, J.[2]

MURRAY, Justice.

This is an appeal by Charles Lee Howard from a judgment for $10,000.00 that had been rendered against him on June 24, 1983. The judgment was in favor of the Texas Department of Human Resources, hereinafter referred to as "TDHR."

Appellant had formerly been married to Mattie R. Howard. They were divorced by the District Court of Van Zandt County on September 16, 1966. The divorce decree ordered that appellant "pay unto the registry of the Court the sum of $30.00 per week as child support for the support and maintenance of his five minor children and that costs be assessed against the defendant, for all of which let execution issue."

---

1. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, retired, sitting by assignment.

2. The Honorable Robert R. Murray, Justice, Fourth Court of Appeals, San Antonio, retired, sitting by assignment.

Thereafter, Mattie R. Howard assigned all her right to support to TDHR. In 1975 one of the five minor children died.

On August 15, 1978, TDHR filed a motion pursuant to section 14.09(a) of Title 2 of the Texas Family Code (Vernon 1975)[3] alleging that appellant was in arrears in his child support payments and prayed that he be punished for contempt. TDHR did not file a motion that the unpaid child support be reduced to judgment pursuant to section 14.09(c).

The trial of this matter resulted in a order of contempt against appellant. On October 16, 1979, the court found that appellant was $10,000.00 in arrears and ordered that he be confined in jail for a period of thirty days and thereafter until all arrearage was paid. The court further suspended the commitment for a period of thirty days. A commitment order was not issued and appellant was never placed in jail. Appellant's attempted appeal of the above order was dismissed by this court on January 4, 1980.

On August 19, 1982, TDHR filed a motion seeking to reduce to a money judgment the $10,000.00 arrearage found in the contempt order of 1979. At the trial of this motion to reduce to judgment, TDHR offered no evidence and relied on the arrearage finding in the contempt order.

Appellant contends that, when the child died in 1975, the judgment for support became ambiguous, indefinite, and uncertain and would not thereafter support a judgment for arrearage, citing *Ex parte Slavin*, 412 S.W.2d 43, 45 (Tex.1967).

■ We hold that an ambiguous, indefinite, and uncertain order for child support will not support a judgment under section 14.09(c). We follow the holding of the Tyler Court of Civil Appeals in *Richey v. Bolerjack*, 594 S.W.2d 795–798 (Tex.Civ. App.—Tyler 1980, no writ).

The general rule is that a judgment must define in clear, specific, and unambiguous terms the duties and obligations imposed upon a party. (citations omitted). In short, a judgment must be sufficiently definite and certain to permit its enforcement by contempt or summary process. (citations omitted). Upon applying the foregoing rules to the case at bar, it is obvious that the support order of August 10, 1976, is so indefinite, uncertain, and ambiguous that it may not be enforced under enforcement provisions of Family Code, sections 14.09(c). 594 S.W.2d 798.

■ We cannot agree with the TDHR's contentions that the finding of $10,000.00 arrears in the contempt order is res judicata. TDHR concedes that the support order was void for uncertainty and could not be enforced by contempt. It also concedes that because of the same defect, the order determining the arrearage was void and could not have served as a basis for a commitment for contempt. We hold that a contempt order that is void because based on an uncertain support order cannot be regarded as a conclusive adjudication of the arrearage in a subsequent proceeding to reduce the arrearage to judgment. If a determination of the arrearage is void for the purpose of contempt, it is also void for the purpose of a motion to reduce the arrearage to judgment. Accordingly, the trial court erred in giving the finding conclusive effect.

■ The ends of justice will be best served if we reverse and remand this case for another trial. It is obvious from the record that the case was not fully developed. TDHR filed the present suit on August 15, 1978. Appellant pleaded the 10 year statute of limitations. The support

---

3. TEX.FAM. CODE ANN. 14.09 (Vernon 1975) provides, in part, as follows:

ENFORCEMENT OF ORDER

a) Any order of the court may be enforced by contempt ....

c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

decree became unenforceable when the child died in 1975.

We remand the case to determine the amount, if any, of unpaid support accruing before the death of the child in 1975 and within the limitations period.

Reversed and remanded.