Charles W. BRANNON, Appellant,

v.

Jacqualine Rae BRANNON, Appellee.

No. 05–84–00844–CV.

Court of Appeals of Texas,
Dallas.

April 15, 1985.

Richard B. Tanner, Plano, for appellant.

Sonja Staron, Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

ALLEN, Justice.

Charles W. Brannon appeals from the trial court's June 7, 1984 order which declared that the "judgment in aid of prior judgment," signed by the trial court on June 23, 1983, was a final order. The judgment in aid of prior judgment sought to clarify a May 26, 1981 judgment which partitioned Mr. Brannon's military retirement pay. Mr. Brannon argues two points of error on appeal: (1) that the trial court lacked subject matter jurisdiction to partition his retirement pay by the May 26, 1981 judgment and by the June 23, 1983 final judgment in aid of prior judgment; and (2) that the final judgment in aid of prior judgment entered June 23, 1983 is a legal nullity. We overrule appellant's first point of error and sustain his second.

The record shows that on July 26, 1977, the Brannons were divorced. No disposition was made of Mr. Brannon's military retirement pay by the divorce decree and no appeal was taken from that decree. On April 11, 1978, Mrs. Brannon filed a partition suit seeking an accounting and a partition of Mr. Brannon's military retirement pay. A judgment was entered by the court on May 26, 1981 awarding Mrs. Brannon .4145% of all future retirement payments paid to Mr. Brannon, which the judgment stated amounted to $266.00 per month. Further, the judgment recites that Mrs. Brannon waived all interest to future cost of living increases. No appeal was taken from this judgment and it became a final judgment. Mrs. Brannon received two monthly payments of $266.00 each, then Mr. Brannon withdrew the allotment assignment.

A motion in aid of judgment was filed by Mrs. Brannon on May 18, 1983 seeking to clarify the May 1981 judgment. On June 23, 1983, a judgment bearing the heading "final judgment in aid of prior judgment" was granted by the trial court, which provided that Mrs. Brannon was to take 41.45% of Mr. Brannon's gross retirement fund plus future cost of living increases. Both parties filed a motion for new trial. The motions were granted, but the order granting a new trial was not entered within 75 days from the date of judgment. On June 7, 1984, the trial court entered an order which included the following conclusions of law:

A. The Motions for New Trial were both overruled by operation of law.

B. The Order styled "Final Judgment in Aid of Prior Judgment" signed on June 23, 1983 is a final order.

C. The Order styled "Final Judgment in Aid of Prior Judgment in effect determined all further issues which were before this Court on June 23, 1983.

In his first point of error, Mr. Brannon contends that Mrs. Brannon's partition suit should be dismissed for lack of subject matter jurisdiction. He argues that both the May 26, 1981 judgment and the June 23, 1983 judgment in aid of prior judgment divide no property because retirement pay is future income for future services. We disagree.

 The judgment, partitioning Mr. Brannon's military retirement pay, was signed on May 26, 1981 at a time when *Cearley v. Cearley*, 544 S.W.2d 661 (Tex. 1976) was in effect as the law in Texas. *Cearley* held that a husband's right to a military pension was a community asset subject to division upon dissolution of the marriage. On June 26, 1981, *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) was decided. *McCarty*

held that state courts are without authority to divide, apportion, or in any way interfere with a military person's retirement income. That decision, however, is not to be applied retroactively. *Ex parte Gaudion,* 628 S.W.2d 500 (Tex.1982).

Therefore, we hold that the trial court had the power to partition Mr. Brannon's retirement pay by the May 26, 1981 judgment. No appeal was taken from that judgment. Accordingly, the May 1981 judgment is a final judgment and is in full force and effect. This point of error is overruled.

In his second point of error, Mr. Brannon maintains that the trial court erred in determining that the final judgment in aid of prior judgment was a final judgment because it was set aside by the trial court in an order of September 8, 1983. We agree with Mr. Brannon that the judgment in aid of prior judgment is a legal nullity; but, we disagree with his reasoning.

The June 23, 1983 final judgment in aid of prior judgment resulted from a motion to aid judgment brought by Mrs. Brannon under TEX.FAM.CODE ANN. § 3.70–3.72 (Vernon Supp.1985). A motion in aid of a prior judgment is a procedure provided for in the Family Code and is actually a type of clarifying order. TEX.FAM.CODE ANN. § 3.70–3.72 (Vernon Supp.1985). It is used when "the original form of the division of property is not specific enough to be enforceable by contempt, ..." TEX. FAM.CODE ANN. § 3.72(b). Such an order, however, may only be used when the original decree of divorce provides for the division of property. Section 3.70(d) states that:

> (d) The procedures and limitations provided by this subchapter do not apply to existing property not divided on divorce and thereby held by the ex-spouses as tenants in common. A suit for partition of that property is governed by the rules applicable to civil cases generally.

Here, Mr. Brannon's retirement pay was not specifically divided at the time of divorce, but was divided pursuant to a partition suit brought by Mrs. Brannon almost a year later. Until the judgment of partition, the Brannons were tenants in common in the military retirement fund.

We hold that a motion to aid judgment is an impermissible procedure for clarification of a prior judgment obtained in a partition suit subsequent to divorce. Therefore, the June 23, 1983 judgment in aid of prior judgment is void *ab initio* and has no force or effect. The trial court is not authorized to grant pursuant to TEX. FAM.CODE ANN. § 3.70, *et seq.,* any orders that enforce or clarify a prior judgment rendered in a partition suit. Since the court was without jurisdiction to hear the motion in aid of judgment the only order it could properly enter was a judgment of dismissal.

We, therefore, vacate the trial court's judgment entered June 23, 1983 and enter our order dismissing the motion in aid of judgment filed by Mrs. Brannon. Likewise, the court was without jurisdiction to consider any matters relating to a motion for new trial as to the June 23, 1983 judgment or to enter any order relative to the finality of the judgment other than to find the judgment void. We, therefore, reverse and order vacated that part of the June 7, 1984 judgment which in any way relates to the June 23, 1983 judgment of the court. We affirm that part of the June 7, 1984 judgment denying Mr. Brannon's plea to the jurisdiction insofar as the plea was directed to the subject matter of the May 26, 1981 judgment. Further, we hold that the May 26, 1981 judgment is a final judgment subject to enforcement according to its terms.

Reversed and rendered in part; affirmed in part.