Margarete Mary TEMPLET, Appellant,

v.

Harold Paul TEMPLET, Appellee.

No. 09 86 163 CV.

Court of Appeals of Texas,
Beaumont.

March 12, 1987.

Rehearing Denied April 1, 1987.

Ernest J. Browne, Browne & Browne, Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

Michael J. Lindsay, Paul Buchanan, Beaumont, for appellee.

OPINION

BURGESS, Justice.

Harold and Margarete Templet were divorced on April 16, 1982. They both approved the divorce decree which provided for conservatorship, support and property division. Some three and one-half years later, Mr. Templet filed a "Motion for Enforcement and Clarification of Prior Order." Mrs. Templet filed a cross-action. The trial court, after a bench trial, entered an order which granted relief to Mr. Tem-

plet and denied all relief to Mrs. Templet. Mrs. Templet brings forth the following points of error:

I. The lower court erred in modifying the property division of the original divorce decree because such modification violated sec. 3.71 of the Texas Family Code.

II. The lower court's modification of child support was erroneous as a matter of law because appellee failed to plead or prove the requirements for modification of child support as set out in sec. 14.08 of the Texas Family Code.

III. The lower court erred in modifying child support payments that accrued prior to the filing of the motion for enforcement and clarification of prior order because such modification violated sec. 14.-08 of the Texas Family Code.

IV. The trial court erred in dismissing appellant's first amended cross-action because such ruling was against the great weight and preponderance of the evidence or was supported by legally insufficient evidence or was supported by no evidence.

The pertinent portion of the divorce decree states:

The Court finds that the parties have entered into an agreement for the division of their estate and same is just and right having due regard for the rights of the parties:

IT IS ORDERED and DECREED that the estate of the parties be divided as follows:

PETITIONER [appellee] is awarded the following as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title and interest in and to such property, to-wit:

1. Any and all house furniture and furnishings in his possession.

2. 1978 Cajun Special 17½' Aluminum Boat/Motor/Trailer.

3. Miscellaneous Power Tolls [sic] and Saws.

4. Stereo.

5. All Office Furniture.

6. All personal effects.

7. Any and all insurance, pensions, retirement benefits, and other benefits arising out of Petitioner's employment.

RESPONDENT [appellant] is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title and interest in and to such property, to-wit:

1. All personal effects.

2. Any and all household furniture and furnishings presently in her possession, SAVE AND EXPECT [sic] the Office Furniture hereinabove awarded to Respondent.

3. 1980 Mazda, Serial # SA22C579371

IT IS FURTHER ORDERED, that the house situated at 12965 Aspen Lane, Beaumont, Jefferson, County, Texas, is hereby awarded to said Respondent for the use and benefit of herself and her children until said children complete four (4) years of college or two (2) years of trade school. It shall be incumbent upon Respondent as occupier of the premises to properly maintain the property, to make all payments upon the note or notes secured by the property, if any, and to pay all taxes upon the property as they accrue. Should the property no longer be used as a home by Respondent and the children, the proceeds from the sale of the property shall be divided equally between the former spouses.

IT IF FURTHER ORDERED that in the event the Respondent shall remarry, then and in that event, an amount equal to the house payment and utilities shall be deposited by Respondent herein in the children's account for their full use and benefit.

IT IS FURTHER ORDERED that HAROLD PAUL TEMPLET, pay to MARGARETE MARY TEMPLETE, for the support of MICHELLE MARIE TEMPLET and MICHAEL PAUL TEMPLET, child support in the amount of ONE THOUSAND ONE HUNDRED TWENTY-FIVE and NO/100–($1,125.00)–DOLLARS per month, until the youngest child attains the age of eighteen (18) years and thereafter, by mutual consent of both parties herein, until each child completes four (4) years of college or two

(2) years of trade school. The first child support payment being due and payable on the 20th day of May, 1982, and being payable through the Jefferson County Child Support Office and thereafter promptly remitted to the Managing Conservator for the support of said children.

IT IS FURTHER AGREED by and between the parties herein, and it is ORDERED by this Court that said child support payments are to be used to discharge the following monthly indebtednesses, to-wit:

| | | |
|---|---|---|
| $ 775.00 | Home Mortgage | |
| 150.00 | Electricity | |
| 25.00 | Telephone | |
| 25.00 | Water | |
| 150.00 | Groceries | |
| $1,125.00 | TOTAL | |

IT IS FURTHER ORDERED that said Petitioner herein shall be responsible for all educational and clothing expenses incurred by said Petitioner's children during their school years.

IT IS DECREED that Petitioner and Respondent shall execute all instruments necessary to effect this decree and that Petitioner and Respondent have all appropriate and necessary writs, execution, and process, as many and as often as is necessary to accomplish the execution and final disposition of this judgment.

IT IS FURTHER ORDERED that said Petitioner herein shall be responsible for the payment of all automobile insurance coverage on Respondent's vehicle, as long as she has not received a D.W.I. charge against her. Petitioner shall pay said insurance each year until the youngest child completes college or trade school.

The pertinent portion of the order states:

The Court further finds that Movant Harold Paul Templet has complied with said orders and that Respondent Margarete Mary Templet is not entitled to recover judgment or enforcement against Movant by reason of the claims set forth in her First Amended Cross-Action.

IT IS THEREFORE, ORDERED and DECREED that Respondent Margarete Mary Templet recover NOTHING against Movant Harold Paul Templet, and that all relief requested in Respondent's First Amended Cross-Action be and is hereby DENIED.

The Court finds, and it is hereby ORDERED and DECREED, that Movant Harold Paul Templet is no longer under an obligation to make the payments provided in the orders set out above.

The Court further finds that Movant Harold Paul Templet and Respondent Margarete Mary Templet each own a fifty (50%) percent interest in the property and improvements situated at 12965 Aspen Lane, Beaumont, Texas, and it is necessary to make provisions for the sale of said property and improvements.

IT IS THEREFORE ORDERED and DECREED that the property and all improvements located thereon at 12965 Aspen Lane, Beaumont, Jefferson County, Texas, be immediately placed for sale and sold under the following terms and conditions:

(1) Harold Paul Templet and Margarete Mary Templet may attempt to sell the property without it being listed with a duly licensed real estate broker.

(2) The parties may list the property with a duly licensed real estate broker having sales experience in the area where the property is located, provided further that such real estate broker shall be an active member in the Multiple Listing Service with the Beaumont Board of Relators.

(3) Both Harold Paul Templet and Margarete Mary Templet shall, on or before _____, 1986, hire an appraiser or duly licensed real estate broker having sales experience in the area where the property is located, to give an appraisal of the value of the property, and shall notify the other party via certified mail of such designation. The average of the two appraisal values shall be the sales price of the property. Should either Petitioner or Respondent disagree to such sales price, upon the application of the disagreeing party filed within 14 days of receipt of the last of the two appraisals, the property shall be sold under such

terms and conditions as may be determined by a court-appointed receiver.

(4) Respondent shall timely make all payments of principal, interest, taxes, and insurance on the property from May 14, 1986, until it is sold, or until November 14, 1986, whichever date occurs first, and shall have the exclusive right to enjoy the use and possession of the premises for such period of time. All maintenance and repairs necessary to keep the property in its present condition shall be paid by Respondent during the time Respondent resides at the premises, and Respondent shall be responsible for keeping the premises reasonably clean and neat. In the event Respondent should fail to timely make any of said payments of principal, interest, taxes and insurance on the property, or should fail to maintain the property as provided above, Respondent shall forfeit her right to the use and enjoyment of the property and shall immediately vacate the premises. In the event the property is not sold by November 14, 1986, Respondent shall vacate the premises on or before that date and each party shall pay one-half (½) the cost of principal, interest, taxes and insurance, maintenance and repairs, and utilities on the property until the date the property is sold. If either party fails to make any payment required of said party pursuant to the provisions of this paragraph, the other party may make said payment on behalf of the other party and shall be entitled to reimbursement out of the defaulting party's one-half share of the net sales proceeds (as that term is defined below). Additionally, in the event Respondent shall no longer have the right to the use and enjoyment of the property under the provisions of this paragraph, but fails to vacate the premises, [sic]

(5) The net sales proceeds (which are defined as the gross sales price, less the cost of sale, full payment of any mortgage indebtedness on the property, and any repairs required to be made on the property prior to sale) shall be distributed as follows: one-half (½) to Movant and one-half (½) to Respondent, subject to any provisions for reimbursement or

rentals contained in paragraph (4) above. Any judgment liens or other encumbrances against the property other than the mortgage lien, including without limitation any unpaid utilities incurred by Respondent while living on the property, shall be paid by the party incurring the indebtedness, and shall be deducted from said party's share of the sales proceeds.

(5) [sic] Harold Paul Templet and Margarete Mary Templet are ORDERED to make a reasonable effort to cooperate and render their assistance in the sale of the property.

As to points of error numbers two and three, we find no error and thus overrule them. The trial court properly refused to enter a judgment on the back child support payments because an ambiguous, indefinite and uncertain order will not support a judgment. *Howard v. Texas Dept. of Human Resources,* 677 S.W.2d 667 (Tex. App.—Dallas 1984, no writ), *Richey v. Bolerjack,* 594 S.W.2d 795 (Tex.Civ.App.—Tyler 1980, no writ). The ambiguity of the decree renders it equally unenforcible for contempt. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967). Further, the trial court could properly find under *TEX.FAM.CODE ANN. sec. 3.72* (Vernon Supp.1987), that Mr. Templet was no longer under any obligation to continue the support payments. This finding is supported by the evidence and Mrs. Templet does not challenge the sufficiency of the evidence.

The trial court did, however, err in making the orders concerning the sale of the real property. *TEX.FAM.CODE ANN. sec. 3.70* (Vernon Supp.1987), specifically states that the procedures of the article do not apply to property which was not divided at the divorce and which is thereby held by the ex-spouses as tenants in common. A suit for partition is the proper vehicle for settling disputes concerning ownership of such property and is governed by the rules applicable to civil cases generally. *See Brannon v. Brannon,* 692 S.W.2d 528 (Tex.App.—Dallas 1985, no writ).

The divorce decree simply did not dispose of the home. It merely allowed

Mrs. Templet the use of the home under certain conditions and provided that should the home be sold, there would then be a fifty-fifty split. Thus, as a matter of law, the ex-spouses continue to hold the property as tenants in common. Having only sought a clarification, and not reformation as in, *Allen v. Allen*, 717 S.W.2d 311 (Tex. 1986), we must reverse that portion of the order which orders that sale of the home.

That portion of the order which orders a take-nothing as to Mrs. Templet and which declares Mr. Templet to no longer be under the child support obligations is, therefore, affirmed. That portion of the order which orders the sale of the home is reversed and rendered.

AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.