Nancy Elaine ROVNER, Appellant,

v.

Ivan David ROVNER, Appellee.

No. 05–88–01094–CV.

Court of Appeals of Texas,
Dallas.

Aug. 28, 1989.

Rehearing Denied Oct. 31, 1989.

---

Rodney R. Elkins, Dallas, for appellant.

John H. Withers, Dallas, for appellee.

Before ENOCH, C.J., and WILLIAMS[1] and STEPHENS[2], JJ.

WILLIAMS, Chief Justice (Retired).

Nancy Elaine Rovner (Wife) appeals from the denial of her motion for contempt for the failure of Ivan David Rovner (Husband) to pay adequate child support. In four points of error, Wife argues that the trial court erred in: (1) failing to render judgment for her for the total amount of arrearage; (2) failing to award her court costs and attorney's fees; (3) refusing to receive certain evidence; and (4) holding that Husband had paid and extinguished the judgment. In two cross-points, Husband contends that the trial court erred in holding that certain phrases in the "Agreed Judgment of Divorce" (agreed judgment) were sufficiently clear so as to be enforced. After examination of the facts of this case, we affirm in part and reverse and render in part the judgment of the trial court.

## FACTS

The parties to this suit were divorced on January 10, 1986, by an agreed judgment.

This dispute arose over unpaid child support which the Husband contracted to pay and which he was ordered by the court to pay.

On October 27, 1987, Wife sent Husband a number of bills that covered certain medical and education expenses of the child. Husband requested some explanation of these bills which Wife sent. In January 1988, Wife sent additional receipts with a request for reimbursement.

On March 30, 1988, Wife filed a motion for contempt for failure to pay child support.[3] During the proceeding, Wife attempted to call a witness by deposition. The trial court sustained Husband's objection to the deposition testimony.

After considering the evidence, pleadings and argument of counsel, the trial court denied the motion for contempt and made the following findings:

2. That the provisions of the Agreed Judgment of Divorce entered in this cause requiring Respondent [Husband] to pay:

(a) "all medical, hospitalization and health care costs of the minor child" not covered by insurance; and

(b) "all tuition, books, room and board" related to the attendance of the child at Woodward Academy in Atlanta, Georgia;

are sufficiently clear so as to be enforced by reduction of unpaid amounts to money judgment.

3. That the following items and amounts are enforceable by money judgment and are heretofore unpaid:

| | |
|---|---|
| Medical | $ 630.00 |
| Hospital | –0– |
| Other health care costs | $ 291.37 |
| Tuition | $ 400.00 |
| Books | $ 744.97 |
| Room & Board | –0– |
| **TOTAL** | **$2,066.34** |

---

1. The Honorable Claude Williams, Chief Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

3. We note that at the hearing, Husband's attorney unconditionally tendered a check for the sum of $3,357.98 to Wife's attorney. As it was an unconditional tender, nothing we say in this opinion affects the disposition of those funds. We address only the enforceability of the judgment for arrearages.

4. That IVAN DAVID ROVNER, has paid in open court, the sum of $3,357.98, which is in excess of the unpaid sum.

5. That the provisions of the said Agreed Judgment of Divorce requiring Respondent to pay "all associated costs and fees" related to the attendance of the child, ... at the said Woodward Academy is too vague so as to be enforced by reduction of unpaid amounts to money judgment;

6. That each party should pay their own attorney's fees and costs.

## JUDGMENT FOR ARREARAGE

Wife, in her first point of error, argues that the trial court erred in failing to render judgment for the total amount of arrearage. Specifically, she contends that the trial court erred in holding that the phrase in the agreed judgment "any other associated costs or fees related to the attendance of the minor child, ... at the Woodward Academy, Atlanta, Georgia" was too vague to be enforced. She contends that there was no evidence of vagueness or ambiguity presented and that, as a matter of law, the phrase was not vague. Therefore, she argues, the trial court's failure to grant judgment for such associated costs and fees was against all the evidence and against the great weight and preponderance of the evidence. Husband responds that the trial court did not err and that if "other associated costs" has any meaning at all, the proper method to determine the meaning would be a separate suit for a declaratory judgment or suit for breach of contract.

■ During the hearing of this case, Wife's attorney stated:

"Your Honor, I would like to clarify. We are seeking to enforce a judgment, not a contract. This is a motion to enforce a judgment.... This is a motion to enforce a judgment and which as [Husband's attorney] briefed and argued very precipitously that once this document was signed by the Court it had all the integrity of a judgment.... This is an action on a judgment."

We will rely on the attorney's statements and our examination of the record to determine that this is not a suit on a contract. This is a suit to reduce to judgment late child support payments. This is not a suit to enforce contractual obligations. Therefore, the rules governing the enforcement of an order, and not the rules governing the enforcement of a contract, will be applied.

■ The test of the certainty required of an order enforceable by contempt is that it must spell out the details of compliance in clear, specific, and unambiguous terms so that the person affected by the order will readily know what obligations are imposed on him. *Ex Parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967). By that test, the phrase "any other associated costs or fees" is not sufficiently specific. *See Ex Parte Shelton*, 582 S.W.2d 637, 638 (Tex.Civ.App. —Dallas 1979, no writ). Since that part is unenforceable by contempt, it also will not support a judgment for back child support payments. *Marichal v. Marichal*, 768 S.W.2d 383, 386 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Templet v. Templet*, 728 S.W.2d 844, 847 (Tex.App.—Beaumont 1987, no writ); *Howard v. Texas Dept. of Human Resources*, 677 S.W.2d 667, 668 (Tex.App.—Dallas 1984, no writ); *Richey v. Bolerjack*, 594 S.W.2d 795, 798 (Tex.Civ. App.—Tyler 1980, no writ). Wife's first point of error is overruled.

## ATTORNEY'S FEES

Wife, in her second point of error, argues that the trial court erred in failing to award her attorney's fees and court costs. She argues that even if the family code alone is applied (which must be done in this case), section 14.33(c) of the family code requires the court to order the obligor, Husband, to pay movant, Wife, reasonable attorney's fees and all court costs, in addition to the past due and owing child support payments. Section 14.33(c) provides:

(c) Obligor to pay attorney's fees and costs; Exception.

If the Court finds that an obligor has failed or refused to make child support payments that were past due and ow-

ing at the time of the filing of the enforcement proceeding, the Court shall order the obligor to pay the movant's reasonable attorney's fees and all court costs in addition to any other amounts past due. . . .

TEX.FAM.CODE ANN. § 14.33(c) (Vernon Supp.1989). The trial court's sole finding in its order is as follows:

IT IS ORDERED that all requested relief not expressly granted herein is DENIED.

IT IS ORDERED that all costs are taxed against the party incurring the same.

The trial court in effect ordered that Husband pay his attorney's fees and court costs and that Wife pay hers. The court made a finding that $2,066.34 was enforceable by money judgment and this amount was due and owing at the time of the filing of the enforcement proceedings.

■ However, an exception is created in section 14.33(c). This exception provides:

[U]nless the court makes a specific finding that the attorney's fees and costs need not be paid by the obligor and states the reasons supporting the finding.

TEX.FAM.CODE ANN. § 14.33(c) (Vernon Supp.1989). There were no findings of fact or conclusions of law requested in this case. Wife made no objection to this award at the time of trial. It is only upon appeal that she brings forth her objection. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent. TEX.R.APP.P. 54(a). Wife's second point of error is overruled.

## DEPOSITION TESTIMONY

In her third point of error, Wife contends that the trial court erred in refusing to receive into evidence a deposition presented under seal. In response to counsel's objection to the offer of testimony by deposition, the Court ruled:

Counsel, I am going to sustain the objection that it has not been timely filed or placed under seal of this state.

Wife argues that neither of these grounds are authority for refusing to accept the deposition into evidence.

The deposition in question took place in Atlanta, Georgia, on Tuesday, April 12, 1988. Neither Husband nor his attorney were present. Husband's attorney objected to the deposition on several grounds, including that he was not given reasonable notice of the taking of the deposition. Rule 207, which governs the use of deposition transcripts in court proceedings, states that depositions "may be used by any person for any purpose against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." TEX.R.CIV.P. 207.

Wife's counsel responded that he gave reasonable notice. He stated that he sent notice to Husband's counsel on Friday, April 8, 1988. The deposition was set for Tuesday, April 12. Wife's counsel further argued that he saw Husband's counsel in the courthouse on Monday, April 11, and asked him, "Are you going to Atlanta with us?" Wife contends that Husband's counsel could have filed a pro forma motion for a protective order and that, therefore, he waived any objection to admission of the deposition testimony. Husband's counsel stated that notice of the deposition was not delivered to his office until 5:30 p.m. on Friday, April 8, and that he did not discover it until Monday morning, April 11, the day before the deposition.

■ The question of whether reasonable notice has been given is within the discretion of the trial court. Given the fact that Husband's counsel appears to have had only one day's notice of the deposition, the trial court did not abuse its discretion in denying the admission of the deposition transcript. Wife's third point of error is overruled.

## JUDGMENT

In her fourth point of error, Wife contends that the trial court erred in holding that Husband had paid and extinguished the judgment. The Court's order stated:

That IVAN DAVID ROVNER, has paid in open court, the sum of $3,357.98, which is in excess of the unpaid sum.

\* \* \* \* \* \*

Execution SHALL NOT ISSUE since IVAN DAVID ROVNER has paid, in open court, an amount in excess of the judgment and has extinguished the same.

Wife contends that the entire debt was not extinguished by Husband's offer during trial because it did not include the full amount of Wife's expenses, court costs or her attorney's fees.

The trial court found that Husband owed the sum of $2,066.34 to Wife. Husband tendered unconditionally the sum of $3,357.98 to Wife during the course of the trial. We have previously held that Wife is not entitled to attorney's fees or court costs. Wife's fourth point of error is overruled.

### CROSS–POINTS

In two cross-points, Husband argues that the trial court erred in finding certain phrases in the agreed judgment to be sufficiently clear so as to be enforced by reduction of unpaid amounts to money judgment under section 14.41(a) of the family code. Husband contends that the trial court erred in holding that the phrases "all medical, hospitalization and health care costs ... not covered by insurance" and "all tuition, books, room and board related to the attendance ... at Woodward Academy" were sufficiently clear so as to be enforced. We agree.

This court has held such phrases unenforceable in a suit to reduce unpaid sums to money judgment because they do not spell out the details of compliance in such clear, specific, and unambiguous terms that persons affected by them will readily know exactly which obligations are imposed. *Ex parte Shelton*, 582 S.W.2d 637, 638 (Tex. Civ.App.—Dallas 1979, no writ). Enforcement of such provisions as these would necessarily give rise to many questions which would not be answered by looking at the agreed judgment. Husband's cross points are sustained.

### CONCLUSION

The judgment of the trial court is AFFIRMED in part as to Wife's points of error and REVERSED and RENDERED in part as to Husband's cross-points of error.