Thomas CISNEROS, III, Appellant,

v.

Elva Alice CISNEROS, Appellee.

No. 08–89–00245–CV.

Court of Appeals of Texas,
El Paso.

March 28, 1990.

Bruce A. Baughman, Baytown, for appellant.

Ron Hayes, John R. Coe, Houston, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a judgment awarding $3,500.00 in child support arrearages following a non-jury hearing. We affirm.

Appellant brings three points of error, complaining (1) that the original divorce decree being too ambiguous to be enforced by contempt is also too ambiguous to support a judgment for arrearages, (2) that the provision in the decree for an automatic increase in child support in the second year is unenforceable, and (3) that the judgment for arrearages, being an enforcement order, does not meet the requirements of Section 14.33 of the Family Code and is therefore unenforceable.

The parties were divorced on January 19, 1982. Appellee was named managing conservator of the only child of the marriage. In the decree, the court found that the parties had entered into a written agreement containing provisions for conservatorship and child support, which were found to be "in the best interest of the child." Appellant, as possessory conservator, was ordered to make child support payments of $300.00 per month beginning on February 1, 1982. The decree then provided that:

> Beginning with the first payment due in the second year of such support payments, said support shall automatically, without further action from the Court, increase to the sum of THREE HUNDRED FIFTY AND NO/100 ($350.00) DOLLARS per month,....

Originally brought as a contempt motion, Appellee pled, and the evidence supported a finding, that Appellant had failed to make the additional $50.00 monthly payment

commencing with the payment due on February 1, 1983 and extending for each month through December 1988. At a pretrial hearing, upon a suggestion by the court that the order pertaining to the automatic increase was too ambiguous to be enforceable by contempt, Appellee amended her pleadings by requesting a judgment for the arrearages, in addition to enforcement by contempt. However, at the commencement of the hearing, Appellee waived the contempt action, requesting relief only by way of a money judgment for the arrearage.

■ Although it is not necessary for a resolution of this appeal, we do not conclude that the quoted portion of the decree was ambiguous. While it undoubtedly could have been made clearer, it would be difficult to construe "beginning with the first payment due in the second year of such support payments" to mean any date other than February 1, 1983. Had the first payment under the decree been due on December 1, 1982 instead of February 1, 1982, it would have made no sense to argue that the first payment in the second year could have meant January 1, 1983 or some date other than December 1, 1983. But assuming that there was some ambiguity, the worst that could have been contended was that the increased payments were to begin with the payment due on January 1, 1983. Appellee sought a judgment for the arrearages commencing with the payment due February 1, 1983 and waived enforcement by contempt. The fact there may have been some ambiguity as to whether the increased payment should start on January 1 or February 1, 1983 would not make the order void for vagueness for payments due from February 1, 1983 forward. Furthermore, since the provisions in the decree relating to conservatorship and child support were based on the written agreement of the parties, the ambiguity in this case would be susceptible to interpretation by the trial court after hearing the evidence as in the case of an agreed judgment. *Richey v. Bolerjack*, 594 S.W.2d 795 (Tex.Civ.App.—Tyler 1980, no writ); *Johnson v. Johnson*, 572 S.W.2d 364, 366 (Tex.Civ.App.—Amarillo 1978, no writ). This is particularly true where, as in this case, the petitioner is not seeking enforcement by contempt or summary process. Point of Error No. One is overruled.

■ Appellant cites several cases for the proposition that if a support order is void for purposes of contempt, it is also void for the purpose of a motion to reduce the arrearage to judgment. *Howard v. Texas Department of Human Resources*, 677 S.W.2d 667 (Tex.App.—Dallas 1984, no writ). In that case, the court, after holding that a contempt order, void because based on an ambiguous support order, could not be taken as a conclusive adjudication of the arrearage in a subsequent action to reduce the arrearage to judgment, remanded the case for a determination of the amount of the child support arrearage not ruled out by the ambiguity. In *Marichal v. Marichal*, 768 S.W.2d 383 (Tex.App.—Houston [14th Dist.] 1989, writ denied), the child support provision was not based on the agreement of the parties and the decree failed to order the obligor to pay any child support. In *Templet v. Templet*, 728 S.W.2d 844 (Tex.App.—Beaumont 1987, no writ), in an opinion lacking any factual recitation on the age of the children and whether or not the child support order was based on the agreement of the parties, it was held that an ambiguous, indefinite and uncertain order would not support a judgment for child support arrearages and furthermore, that the obligor was no longer under any obligation to continue the support payments, presumably because the youngest of two children had reached the age of eighteen years.

In his second point, Appellant contends that the provision for automatic increase in child support is unenforceable, citing as authority *In the Interest of J.M. and G.M.*, 585 S.W.2d 854 (Tex.Civ.App.—San Antonio 1979, no writ), and *Doss v. Doss*, 521 S.W.2d 709 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). While a court may not arbitrarily impose automatic or formula increases in child support, if the parties agree on an automatic increase in child support upon the happening of a certain event and the court has found that the

agreement is in the best interest of the child, the parties may be ordered to perform in accordance with that agreement and upon their failure to do so, the child support order as set forth in the decree may be enforced by all available remedies, including contempt. *Doss,* 521 S.W.2d at 713. Tex.Fam.Code Ann. sec. 14.06 (Vernon 1986). In the instant case, the parties had agreed in writing to provisions for child support and the court had found the agreement to be in the child's best interest. Appellant does not now claim, nor did he present any evidence in the trial court, that the child support order did not reflect the agreement of the parties. Point of Error No. Two is overruled.

■ In Appellant's final point of error, he challenges the judgment for past due child support as not meeting the requirements of Tex.Fam.Code Ann. sec. 14.33(a) (Vernon Supp.1990). That section in part states:

> (a) Contents. An enforcement order shall contain findings setting out in ordinary and concise language the provisions of the final order, decree, or judgment for which enforcement was sought, the acts or omissions that are the subject of the order, the manner of noncompliance, and the relief awarded by the Court.

At the conclusion of the hearing, the court on the record made its order, which we conclude was in sufficient detail to comply with Section 14.33(a). The trial judge said:

> The Court finds that a judgment in the amount of $3,500 is hereby had against Mr. Thomas Cisneros, III in favor of Mrs. Elva Cisneros for the ordered payments of $50 per month commencing February 1st of '83 through February 15th of '89; and in accordance with the divorce decree ... through the Harris County Probation Department, Child Support Division at 1115 Congress in Houston, Texas. Judgment is here now had in the amount of $3,500 for which let execution issue. Each party will pay their own costs of Court and attorney fees incurred in this cause.

The attorney for Appellant was in effect ordered to prepare the judgment, presumably in accordance with the court's oral order. Had she done so, the judgment in our opinion would have sufficiently met the requirements of Section 14.33(a). All of the cases cited by Appellant in support of his third point involved contempt and commitment situations, which admittedly and obviously require more specificity as to acts or omissions leading to the contempt than would a judgment for unpaid support. Under Tex.R.App.P. 81 (formerly Tex.R. Civ.P. 434), the normal course on this point would be to reform the judgment to conform to the judge's oral order and then affirm the judgment as reformed.

However, such action is not indicated since the judgment may be affirmed for another reason. After its preparation, the judgment was then approved not only as to *form* (a usual and harmless procedure), but as to *substance* as well by the attorneys representing both parties. Approval as to form is a matter of professional courtesy not necessary to a valid judgment. Such approval (as to form) does not waive any error in the proceedings or incident to the judgment itself. *Sandoval v. Rattikin,* 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.), *cert. denied,* 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966); 4 R. McDonald, Texas Civil Practice sec. 17.09.4 (Rev.1984). But approval as to substance is something else. Approval of the substance of a judgment is tantamount to an agreement by the signatory that the judgment meets all of its essential requirements. By Appellant's approval of the substance of the judgment, we hold that Appellant has waived any error in the judgment not complying with the requirements of Section 14.33(a). Point of Error No. Three is accordingly overruled.

Judgment of the trial court is affirmed.