In The

Court of Appeals

For The

First District of Texas 

____________


NO. 01-02-00194-CV

_________________



IN RE RUBEN LOPEZ, III, Relator



 


Original Proceeding on Petition for Writ of Habeas Corpus



 


O P I N I O N

Relator Ruben Lopez, III, asserts he is illegally restrained, and requests habeas
corpus relief. We ordered him released on bond pending our final determination of
his petition. Real party in interest Jennifer Simmons has not responded to relator's
petition.

Relator and real party in interest were divorced on October 21, 1996. On April
27, 2001, the trial court signed an Agreed Order to Modify Temporary Orders. It
provided that on the first and fifth Friday of each month, if the children were involved
in any extracurricular activities, Simmons would pick them up at the completion of
such activity. The agreed order also ordered relator to provide Simmons with a: 

 current schedule, including all dates, times and locations of
all extracurricular activities in which the children
participate as soon as the information becomes available to
him. RUBEN LOPEZ, III is also to provide JENNIFER
HAY SIMMONS with the names and phone numbers of all
persons, sponsors and/or coaches who are in charge of each
such extracurricular activity as soon as the information
becomes available to him.


In Simmons's second amended motion for enforcement, she alleged:


 Violation 1. On or about April 21, 2001, FRED E.
WILSON, attorney of record for JENNIFER HAY
SIMMONS received a 'schedule' of the extracurricular
activities of the children the subject of this suit which gave
the date and time of such alleged extracurricular activitities;
however, RUBEN LOPEZ, III failed and/or refused to
provide the location of these extracurricular activities, the
names and phone numbers of all persons, sponsors and/or
coaches who are in charge of each such extracurricular
activities as are required by the orders of the Court and
previously described herein and continues to refuse to
provide this Court Ordered information as of the time of
filing of this Motion for Enforcement and Order to Appear.


At the November 15, 2001 hearing on the motion to enforce, Simmons testified
that relator had provided her with a list that did not comply with the court's order in
that it did not have the coaches' names or numbers and gave the start times for
activities, but not the ending times. She also testified that the schedule only went
through June 3, 2001, and that although she had requested a schedule since that time,
containing the necessary information, she had not received one. Simmons testified
that she had not had visitation with her children since July 4, 2001. Relator testified
that he provided Simmons with a list containing all the beginning and ending times of
all the extracurricular activities when the ending times were known. The trial court found:

 RUBEN LOPEZ, III failed and refused to provide
JENNIFER HAY SIMMONS with a current schedule with
dates, times and locations of all extracurricular activities in
which the children participated after the rendition of the
Agreed Order to Modify Temporary Orders which was
rendered in open court on or about March 29, 2001, as well
as the names and phone numbers of all persons, sponsors,
and/or coaches who were in charge of each such
extracurricular activity as required by orders of the Court as
soon as the information became available to him and
continued to refuse to provide this Court ordered
information as of the time of filing of Movant's Motion for
Enforcement.


As punishment for relator's violation of its April 27, 2001 order, the trial court,
in its contempt order of November 29, 2001, ordered that relator pay a fine of $500 by
January 15, 2002, and present himself to the sheriff on January 25, 2002 for 10 days
of confinement. The court further ordered that upon completion of the confinement,
that relator commence community supervision for a period of five years. Additionally,
the court ordered that relator pay $1,560 in attorney's fees to Simmons's attorney by
January 15, 2002, and within 10 days of November 29, 2001, that he obtain a $5,000
cash or security bond payable to Simmons conditioned on relator's compliance with
all orders of the court for enforcement and/or permitting possession of or access to the
children.

In his first ground for relief, relator asserts that the underlying order, signed
April 27, 2001, is not specific enough to be enforced by contempt.

The sole fact that an order sought to be enforced is an agreed one does not mean
it is enforceable by contempt. See, e.g. Rovner v. Rovner, 778 S.W.2d 905, 906, 909
(Tex. App.--Dallas 1989, writ denied). The test of certainty required of an order to
be enforceable by contempt is whether it spells out the details of compliance in clear,
specific, and unambiguous terms so that the person affected by the order will readily
know what obligations are imposed on him. Id. at 907. Here, parts of the agreed order
are not clear, specific, and unambiguous. The part which requires relator to provide
the "times" of the children's extracurricular activities is not clear because it does not
specify whether "times" means that starting times or that starting and ending times are
to be provided. The part of the order that orders relator to provide the information "as
soon as the information becomes available to him," does not specify a specific date on
which the information is to be provided to Simmons or a quantifiable time from
relator's receipt of the information until his transmission of that information to
Simmons. In In re Johnson, 996 S.W.2d 430 (Tex. App.--Beaumont 1999, orig.
proceeding), the Beaumont Court of Appeals held that an order for the Beaumont
Police Department to produce certain documents, without specifying a specific time
for the delivery, was too vague to be enforceable by contempt. See id. at 432, 435. 
Similarly, because the April 27, 2001 order in this case does not contain language
specific enough for relator to know precisely at what point he would be delinquent in
delivering the information, it is not specific enough to be enforceable by contempt.

Therefore, we sustain relator's first ground for relief.

We hold that the April 27, 2001 agreed order to modify temporary order is not
specific enough to be enforced by contempt. It follows that the November 29, 2001
contempt order that was based on the April 27, 2001 order is void. Because of our
disposition of the first ground of error, it is unnecessary to address relator's other
grounds for relief.

We order relator released from all restraint, including the $500 bond we ordered
posted pending our determination of this petition for habeas corpus relief.

 

 Adele Hedges

 Justice



Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.